**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YAW AMPONSAH, | : |
| | : Civil Action No. 08-4992 (MLC) |
| Plaintiff, | : |
| | : |
| v. | : **O P I N I O N** |
| | : |
| TIMOTHY G. BONEY, | : |
| | : |
| Defendant. | : |

**APPEARANCES:**

    YAW AMPONSAH, Plaintiff pro se, REG #12757-050
    Unit C - Pod 2, Moshannon Valley Correctional Center
    5551 Cornell Drive, Phillipsburg, Pennsylvania 16866

**COOPER**, District Judge

Plaintiff, Yaw Amponsah, a confined federal inmate, seeks to bring this action in forma pauperis, alleging violations of his constitutional rights under 42 U.S.C. § 1983. Based on his affidavit of indigence, the Court will grant the application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and file the Complaint.

The Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the Complaint should be dismissed for failure to state a claim.

### I.  BACKGROUND

Amponsah brings this action, pursuant to 42 U.S.C. § 1983, against defendant, Timothy G. Boney, his defense attorney in his federal court criminal proceedings.  He asserts that his counsel was ineffective because he provided deficient performance during Amponsah's sentencing and direct appeal.  Amponsah claims that counsel's ineffectiveness contributed to his excessive sentence.  Amponsah admits that he has a motion to vacate his sentence, under 28 U.S.C. § 2255, pending before this Court.  He seeks $900,000.00 in compensatory damages from defendant.

### II.  STANDARDS FOR A SUA SPONTE DISMISSAL

A district court must review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court must identify cognizable claims and sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must construe it liberally in the plaintiff's favor.  See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must

"accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A pro se prisoner plaintiff simply need comply with the pleading requirements of Rule 8(a)(2) (complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). See Erickson, 127 S.Ct. at 2200. Thus, a complaint must plead facts sufficient to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Erickson, 127 S.Ct. at 2200 (cites omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculation level. ...

Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Accordingly, a pro se prisoner plaintiff need allege only enough factual

matter, taken as true, to suggest the required elements of the claims asserted.  Phillips v. Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting predecessor of § 1915(e)(2)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 521 (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004) (complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or

4

inequitable); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 453 (3d Cir. 1996).

### III. SECTION 1983 ACTIONS

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV. ANALYSIS

Amponsah asserts a claim of ineffective assistance of counsel against his counsel in his federal court criminal proceedings. Such a claim is not cognizable.

Amponsah's counsel is not subject to liability under § 1983 because he is not a state actor. It is not clear whether defendant was a privately retained attorney or a public defender assigned to Amponsah. However, in either case, the defendant is not a state actor. A public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981) (public defender performing

5

lawyer's traditional functions as counsel to defendant, such as determining trial strategy and whether to plead guilty, is not acting under color of state law); Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

Even if Amponsah had pleaded facts establishing that his counsel was acting under color of state law — which he does not — any claim as to a violation of Amponsah's right to effective assistance of counsel cannot be raised after he has been convicted and sentenced, unless he first raises the claim of ineffective assistance of counsel by means of direct appeal, or on collateral review. Preiser v. Rodriguez, 411 U.S. 475 (1973).

It appears from the Complaint's allegations that Amponsah has been convicted and has not prevailed on direct appeal in having his conviction or sentence reversed. Amponsah also admits that he has a pending motion under § 2255 before this Court alleging the same claims of ineffective assistance of counsel.

To the extent that Amponsah seeks pecuniary relief, his claim of ineffective assistance of counsel has not accrued because a favorable judgment would necessarily imply the invalidity of his underlying criminal conviction and sentence. See Heck v. Humphrey, 512 U.S. 477 (1994). Where success in Amponsah's § 1983 damages action would implicitly question the validity of

confinement, he must first achieve a favorable termination of his available state, or federal habeas opportunities in order to obtain relief under § 1983.  See Muhammad v. Close, 540 U.S. 749, 751 (2004).  Because federal habeas petitions may not be granted unless available state court remedies have been exhausted, see 28 U.S.C. § 2254(b)(1)(A), "conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas serve[s] the practical objective of preserving limitations on the availabilities of habeas remedies."  Id.  Until Amponsah has exhausted his federal court remedies by way of direct appeal and by motion under § 2255, and has been successful in invalidating his sentence or conviction, he cannot bring this action for damages under § 1983.

This Court thus finds that any claim purporting to assert liability under § 1983 for ineffective assistance of trial counsel must be dismissed for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### V.   CONCLUSION

For the reasons set forth above, the Complaint will be dismissed for failure to state a claim.  The Court will issue an appropriate order and judgment.

        s/ Mary L. Cooper
    **MARY L. COOPER**
    United States District Judge

Dated:     October 27, 2008

7